# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

| | |
|---|---|
| In Re:<br><br>Ron Kempkers,<br><br>　　　　　　　　Debtor. | Bankruptcy Case<br>No. 09-41550-JDP |
| R. Sam Hopkins,<br>Chapter 7 Trustee,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Mickelsen Marble,<br><br>　　　　　　　　Defendant. | Adv. Proceeding<br>No. 12-08027-JDP |

---

## MEMORANDUM OF DECISION

---

**Appearances:**

　　Steven Taggart, MAYNES TAGGART, PLLC., Idaho Falls, Idaho, Attorney for Plaintiff.

MEMORANDUM OF DECISION – 1

**Gregory Crockett, HOPKINS RODEN CROCKETT HANSEN & HOOPES, PLLC., Idaho Falls, Idaho, Attorney for Defendant.**

*Introduction*

Relying on § 547(c)(9),[1] Defendant Mickelsen Marble ("Defendant") seeks entry of a summary judgment dismissing the claim of Plaintiff, chapter 7 Trustee, R. Sam Hopkins ("Plaintiff") that a prepetition payment of $5,346 made by Debtor Ron Kempkers, d/b/a J & R Construction ("Debtor") to Defendant is an avoidable preference.  In response, Plaintiff contends that the statutory defense to preference liability cited by Defendant does not apply.  After a hearing on the motion, and having considered the submissions and arguments of the parties, the Court concludes that Defendant's motion should be granted.

*Facts*

On October 2, 2009, Debtor filed a chapter 7 bankruptcy petition.  Bk. Dkt. No. 1.  The petition indicates that Debtor was doing business as J & R

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

Construction. *Id*. In a checked box, the petition further represents that Debtor's debts are "primarily consumer debts, defined in 11 U.S.C. § 101(8) as 'incurred by an individual primarily for a personal, family, or household purpose.'" *Id*.

On September 29, 2011, Plaintiff commenced this adversary proceeding against Defendant and numerous others seeking to avoid allegedly preferential transfers made to them by Debtor. Dkt. No. 1.[2] Defendant filed an answer on October 25, 2011. Dkt. No. 8. In it, Defendant did not dispute that it received $5,346 from Debtor within ninety days of Debtor's bankruptcy petition in payment for materials it had provided to Debtor. *Id.*

Defendant then filed a motion to dismiss Plaintiff's complaint under Rule 7012 for failure to state a claim based upon § 547(c)(9), on March 1, 2012. Dkt. No. 6. The Court denied the motion on April 16, 2012 because it was unclear from the pleadings whether Debtor's debts were primarily

---

[2] On March 8, 2012, the Court granted Defendant's motion to sever the case to a separate adversary proceeding.

MEMORANDUM OF DECISION – 3

consumer debts; the Court noted that, in order to determine whether the defense raised by Defendant applied in this case, further submissions and argument should be submitted as to the nature and amount of Debtor's debts. Dkt. No. 16; *see also Hopkins v. R & J Custom Countertops, LLC*, Adv. Proc. No. 11-8080-JDP, Dkt. No. 73.

On July 31, 2012, Defendant filed a motion for summary judgment arguing that there is no genuine dispute as to any material fact and that it was entitled to judgment as a matter of law based again upon § 547(c)(9). Dkt. No. 20. To support the motion, Defendant submitted six affidavits, including five from various creditors of Debtor to show that, like Defendant, their claims against Debtor arose from business and were not consumer debts. Dkt. Nos. 22-27.

In a response and post-hearing reply brief, Plaintiff argued that Defendant failed to meet its burden under § 547(g) to prove that Debtor's debts are not primarily consumer debts. Dkt. Nos. 29 and 36. In its briefs, Plaintiff focused on the debt owed by Debtor to the Internal Revenue Service ("IRS"), and in particular, whether a portion of that claim could

MEMORANDUM OF DECISION – 4

"be directly traced to business activities." Dkt. No 36 at 4. However, in making this argument, at least by implication, Plaintiff does not dispute that the lion's share of the IRS debt is properly labeled as non-consumer debt.

*Analysis and Disposition*

**I. Applicable Law**

<u>A. Motion for Summary Judgment Standard</u>[3]

Rule 7056 incorporates Federal Rule of Civil Procedure 56, which provides the familiar summary judgment standard: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 7056(a). The party seeking summary judgment bears the

---

[3] Plaintiff correctly points out that Defendant failed to comply with Local Bankruptcy Rule 7056.1 governing motions for summary judgment. Specifically, Local Rule 7056.1(b)(1)(A) states, "The moving party shall provide simultaneously with its motion, in a document separate from all others, a statement of asserted undisputed facts . . . [f]ailure to submit such a statement in compliance with this rule constitutes grounds for denial of the motion without a hearing." Notwithstanding Defendant's failure to follow the Local Rule, because in this case Plaintiff suffered no prejudice, the Court exercises its discretion to address the merits of Defendant's summary judgment motion.

MEMORANDUM OF DECISION – 5

initial burden to demonstrate the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met by the moving party, the adverse party must provide evidence that sets forth a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). In review of the motion for summary judgment, the court is to construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *Devereaux*, 263 F.3d at 1074.

    B. Section 547

Assuming for purposes of this motion that Plaintiff can establish that the transfer to Defendant is otherwise a preference under § 547(b), Defendant may assert one or more of the defenses to avoidance of the transfer found in § 547(c).[4] In particular, § 547(c)(9) provides that "[t]he trustee may not avoid under this section a transfer – . . . if, in a case filed

---

[4] Section 547(g) provides that "the trustee has the burden of proving the avoidability of a transfer under subsection by of [§ 547], and the creditor . . . against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section."

MEMORANDUM OF DECISION – 6

by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850." A "consumer debt" is one "incurred by an individual primarily for a personal, family, or household purpose." § 101(8).

Debtor's debts are "primarily consumer debts" if more than half, by dollar amount, of his total debt are consumer debts. *Zolog v. Kelly III, et al. (In re Kelly)*, 841 F.2d 908, 913 (9th Cir. 1988). Put another way, "[a] debtor has primarily consumer debt if his or her consumer debt is larger than half of his total debt." *Fitzgerald v. Nat'l Account Adjusters (In re Christensen)*, 98.3 IBCR 71, 72 (Bankr. D. Idaho 1998) (citing *In re Smith*, 95 IBCR 62 (Bankr. D. Idaho 1995)).

In order to determine whether a particular debt is a consumer debt, the Court is instructed by the Ninth Circuit to consider the debt's primary purpose. *In re Kelly*, 841 F.2d at 913. Indeed, the language of § 101(8) is clear that a individual debt is either entirely a consumer debt or it is not. That provision requires that a debt be categorized as a "consumer debt" if the debt was incurred "*primarily* for a personal, family, or household

MEMORANDUM OF DECISION – 7

purpose." (emphasis added). Put another way, dividing a single debt into both consumer debt and non-consumer debt is inappropriate; the total amount of a debt will be counted as consumer debt, even if a portion of it was incurred by the debtor for a business purpose.[5]

## II. Application to Facts

Drawing all reasonable inferences in the light most favorable to Plaintiff, the non-movant, Defendant's motion for summary judgment should be granted because there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

Based on the information in Plaintiff's own post-hearing brief, Dkt.

---

[5] The leading treatise concurs with this conclusion. *See* 2 COLLIER ON BANKRUPTCY ¶ 101.08 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("If a debt is incurred partly for business purposes and partly for personal, family[,] or household purposes, the term 'primarily' in the definition suggests that whether the debt is a 'consumer debt' should depend upon which purpose predominates . . . a debt should be fully classified as a consumer debt or business debt according to its primary purpose."). However, the Fifth Circuit has taken a different approach in determining the status of a debt. *In the Matter of Booth*, 858 F.2d 1051 (5th Cir. 1988). In *Booth*, the court counted a portion of a loan secured by a mortgage as consumer debt of the debtor, but attributed the balance of the same loan to non-consumer debt because part of the loan had been used by the debtor in a business venture. *Id.* at 1055.

MEMORANDUM OF DECISION – 8

No. 36, the amount of Debtor's consumer and non-consumer debt is quite close. The table included in that brief indicates that, according to Plaintiff's figures, only 47.52% of Debtor's debt ($113,567.29 out of a total debt of $238,968.82) is non-consumer debt. *Id.* at 3-4. However, in Plaintiff's calculations, he inappropriately divides up the amounts Debtor owes to the IRS. Plaintiff includes $8,823.46 of the total amount the IRS claim of $63,462.00 as consumer debt because that amount can not be "traced to [Debtor's] business activities." However, because the remaining amounts owed to IRS by Debtor are clearly business tax obligations, primarily liabilities for unpaid employee withholding taxes, the entire tax debt should be counted as a non-consumer debt. In other words, if the $8,823.46 in question is considered as part of Debtor's non-consumer debt, these debts would amount to more than half of Debtor's overall debt.[6]

Because Debtor's debts are not "primarily consumer debts," and

---

[6] If $8,823.46 – the disputed IRS debt amount of the larger IRS debt total – is added to the amount of Debtor's admitted non-consumer debt calculated by Plaintiff, Debtor's total non-consumer debt equals $122,390.75. If $122,390.75 is divided by Debtor's total debt of $238,968.82, this means Debtor's non-consumer debt comprises 51.22% of that total.

MEMORANDUM OF DECISION – 9

because § 547(c)(9) prevents a trustee from recovering a transfer amounting to less than $5,850 where the debtor's debts are primarily non-consumer debts, the $5,346 transfer made by Debtor to Defendant in this case may not be avoided by Plaintiff.

*Conclusion*

Because there are no genuine issues as to any material facts, and Defendant is entitled to judgment as a matter of law, Defendant's motion for summary judgment will be granted by separate order. Counsel for Defendant shall submit an appropriate form of judgment for entry by the Court. Counsel for Plaintiff shall approve the form of judgment.[7]

Dated: October 16, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[7] Defendant has requested an award of attorneys fees and costs. That request, if appropriate, must be made by separate motion, notice and a hearing. *See* Rule 7054; Fed. R. Civ. P. 54(d)(2); L.B.R. 7054.1.

MEMORANDUM OF DECISION – 10