# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:** <br><br> **Ron Kempkers,** <br><br> Debtor. | **Bankruptcy Case <br> No. 09-41550-JDP** |
| **R. Sam Hopkins, <br> Chapter 7 Trustee,** <br><br> Plaintiff, <br><br> vs. <br><br> **Mickelsen Marble,** <br><br> Defendant. | **Adv. Proceeding <br> No. 12-08027-JDP** |

## MEMORANDUM OF DECISION

**Appearances:**

Steven Taggart, MAYNES TAGGART, PLLC., Idaho Falls, Idaho, Attorney for Plaintiff.

MEMORANDUM OF DECISION – 1

Gregory Crockett, HOPKINS RODEN CROCKETT HANSEN & HOOPES, PLLC., Idaho Falls, Idaho, Attorney for Defendant.

*Introduction*

In this adversary proceeding, Defendant Mickelsen Marble, Inc. ("Defendant") has filed a motion for an award of attorneys fees and costs incurred in defending against the claim of Plaintiff R. Sam Hopkins, the chapter 7[1] trustee ("Plaintiff"), asserting that Defendant received an avoidable preference. Dkt. No. 43. Plaintiff disputes Defendant's right to recover either costs or attorney fees. Dkt No. 46.

On December 11, 2012, the Court conducted a hearing on the motion. Both parties appeared and presented arguments. The Court then took the motion under advisement. This Memorandum disposes of the motion.

///

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all references to "Civil Rules" are to the Federal Rules of Civil Procedure 1–86.

MEMORANDUM OF DECISION – 2

*Facts*

On October 16, 2012, the Court entered a Memorandum of Decision granting Defendant's motion for summary judgment and dismissing Plaintiff's claim against Defendant to avoid and recover a prepetition transfer of $5,346 by the debtor to Defendant.  Dkt. No. 39.  In its decision, the Court held that there was no genuine issue of material fact for trial and that Defendant was entitled to judgment as a matter of law because § 547(c)(9) prevents a trustee from recovering a prepetition transfer of less than $5,850 where the debtor's debts are primarily non-consumer debts. The Court determined that the debtor's debts were primarily non-consumer debts based upon its treatment of debtor's debt to the IRS.  The Court reasoned that Plaintiff's approach, which urged the Court to split the IRS debt into consumer and non-consumer components to avoid application of § 547(c)(9), was inappropriate.  Rather, the Court concluded that debts are labeled either as wholly consumer debt or non-consumer debt, and that the IRS debt in debtor's case was not a consumer debt.

Although the result of treating the IRS debt as a non-consumer debt

MEMORANDUM OF DECISION – 3

was advanced by Defendant in its summary judgment motion and briefs in support of its motion, its path to this conclusion was different than that held by this Court.  Defendant reasoned that because taxes were incurred based upon unpaid payroll taxes of the debtor's business, the debt should be labeled a non-consumer debt.  Brief in Support of Motion for Summary Judgment, Dkt. No. 21 at 6.  Plaintiff agreed with Defendant that most of the IRS debt was non-consumer debt, however, Plaintiff argued that $8,823.45 of the IRS debt in question "cannot be clearly allocated to business or consumer debt, ie [sic] the purpose is not evident from the text of the claim itself."  Post-Hearing Brief, Dkt. No. 36 at 3.  In response, Defendant did not discuss the $8,823.45 of the IRS debt; rather it distinguished cases cited by Plaintiff in his briefs and concluded again that because the taxes were based upon payroll tax obligations, the entire IRS debt should be determined to be a non-consumer debt.  *See* Defendant's Reply to Plaintiff's Post-Hearing Brief, Dkt. No. 38.

    In its present motion, Defendant argues it is entitled to recover its costs pursuant to Civil Rule 54(d)(1), and its attorney fees pursuant to Civil

MEMORANDUM OF DECISION – 4

Rules 54(d)(2) and 37(c).[2] As to its claim for fees, Defendant contends that because Plaintiff failed to admit certain requests for admission, which Defendant asserts it eventually proved to be true in connection with its motion for summary judgment, it is entitled to recover the fees incurred in doing so under Civil Rule 37(c). Of particular importance in Defendant's analysis is its Request for Admission number 1, which requested that Plaintiff admit that the $63,462 debt to the IRS was a non-consumer debt. Dkt. No. 44 at 9. Defendant cites to *In re Hansen*, 368 B.R. 868 (9th Cir. BAP 2007) to support its request for fees.

In response, Plaintiff argues that Local Rule 7054.1 does not allow an award of costs in this circumstance, that Civil Rule 54(d) does not apply in an adversary proceeding, and that under Rule 7037(c)(2), a party failing to admit is not liable for fees if that party had a reasonable ground to believe that he would prevail. In this regard, Plaintiff argues that he had

---

[2] Although Defendant begins its motion by stating that it is entitled to costs *and* attorney fees pursuant to Rule 7054 and Local Rule 7054.1–rules solely focused on costs and not attorney fees–Defendant later invokes Civil Rule 37(c) as the basis for seeking attorney fees. Defendant relied solely upon Civil Rule 37(c) at the hearing on its motion.

MEMORANDUM OF DECISION – 5

reasonable grounds to believe that he would prevail because he relied on the debtor's own bankruptcy petition that stated his debts were primarily consumer debts, and the debtor's Rule 2004 deposition testimony wherein debtor again stated that his debts were primarily consumer debts.  Plaintiff argues that he thus had a reasonable basis to believe that he would prevail in the adversary proceeding, and that he did nothing inappropriate in denying Defendant's request to admit under Rule 7037.  Plaintiff additionally argues that *In re Hansen* is distinguishable because that case involved sanctions against a debtor who was found to have acted wrongfully during the bankruptcy case.  Plaintiff argues that he, in prosecuting the adversary proceeding, acted appropriately and thus there is no basis for a sanction here.

*Analysis and Disposition*

**I.  Applicable Law**

Rule 7054 provides in relevant part that:  "(a) *Judgments*.  Rule 54(a)-(c) F. R. Civ. P. applies in adversary proceedings. (b) *Costs*.  The court may allow costs to the prevailing party except when a statute of the United

MEMORANDUM OF DECISION – 6

States or these rules otherwise provides . . . ." Local Rule 7054.1 in turn provides for the taxation of costs in this Court for: "clerk's fees and service fees; costs of trial or other transcripts if requested by the Court or prepared pursuant to stipulation; deposition costs; witness fees, mileage and subsistence; costs of reproducing exhibits; costs of maps, diagrams and charts; and other costs with prior court approval." *Kilborn v. Haun (In re Haun)*, 08.4 IBCR 155, 160 (Bankr. D. Idaho 2008).

Rule 7037 incorporates all of Civil Rule 37. Of significance here is Civil Rule 37(c)(2), which provides:

> Failure to Admit. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> (D) there was other good reason for the failure to admit.

MEMORANDUM OF DECISION – 7

**II. Application to Facts**

There is no basis for Defendant to recover its costs or its attorney fees under Rule 7054. Civil Rule 54(d), dealing with attorneys fees, is not incorporated in Rule 7054; only Civil Rule 54(a)-(c) apply in adversary proceedings. Further, Local Rule 7054.1 also does not allow recovery of the costs requested by Defendant of $61.05 for "Travel - Hearing on Summary Judgment." Counsel's appearance at the hearing on its summary judgment motion is not the sort of cost taxable under the Local Rule. In sum, Rule 7054 provides no basis for Defendant's recovery of attorney fees or costs in this action.

The Court also concludes that Defendant is not entitled to recover attorneys fees under Rule 7037 for defending against Plaintiff's claim in this adversary proceeding. Under Rule 7037(c)(2)(C) and (D), Plaintiff is not responsible for attorney fees in this case because he had a reasonable, although ultimately incorrect, basis to believe that he may prevail on the issue of the characterization of the IRS debt as consumer debt, or at least part of it. Because the Court had not yet decided otherwise, Plaintiff, at the

MEMORANDUM OF DECISION – 8

time of responding to Defendant's request to admit, was entitled to believe that he could at least allocate the IRS debt into consumer and non-consumer portions in determining whether debtor's debts were primarily consumer or non-consumer for the purposes of § 547(c)(9). Plaintiff's error was a mistake of law, based on information contained in the debtor's sworn schedules and his testimony at a Rule 2004 deposition. In other words, Plaintiff could have reasonably believed that he would prevail on the issue of the applicability of § 547(c)(9). Thus, Rule 7037(c)(2)(C) and (D) apply to relieve Plaintiff of the obligation to pay Defendant's attorney fees under that Rule.

*In re Hanson* does not compel a different result. As pointed out by Plaintiff, *In re Hanson* dealt with a debtor's waiver on appeal of challenging discovery sanctions imposed by the bankruptcy court. *See* 368 B.R. at 880-81. The Ninth Circuit Bankruptcy Appellate Panel simply affirmed the bankruptcy court's ruling on sanctions under Rule 7037 based upon a violation of Rule 7036 that was not disputed by the debtor in the underlying case. *Id.* Therefore, the decision does not mandate a different

MEMORANDUM OF DECISION – 9

conclusion here.

## *Conclusion*

Defendant's motion for an award of costs and attorney fees is denied. The Court will enter a separate order.

Dated: February 4, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 10